UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICA KILBY-ROBB, )<br>    Plaintiff, )<br>    v. )<br>MARGARET SPELLINGS, SECRETARY. )<br> UNITED STATES DEPARTMENT )<br> OF EDUCATION, )<br>    Defendant. ) | Civil No. 05-2270 JDB |

**JOINT PROPOSED SCHEDULING REPORT TO THE COURT**

Pursuant to Local Civil Rule 16.3(c), and the Court's Order dated February 14, 2006, the parties provide the following joint statement:

Statement of the Case

Plaintiff, an employee of the United States Department of Education, filed suit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* claiming that she was subjected to disparate treatment in terms, conditions and privileges of employment.  Plaintiff alleges the following: That she was required to perform the duties of a GS-14 employee as well as her GS-13 permanent assignment, without additional compensation; that she was required to perform the duties of a PIRC team member who refused to perform his assignments; that she was required to perform the duties of

GS-14 staff members, while Caucasian employees at the grade 14 level were given recognition and higher performance evaluations for the same or less work in comparison to her; that she received a discriminatory performance evaluation; and that she was subjected to a hostile work environment based on her race and gender.  Defendant denies the above.  Defendant did not engage in any Title VII violations; Defendant did not require or cause Plaintiff to perform grade 14 level work; Defendant did not require Plaintiff to work under any illegal discriminatory conditions or treat her in an illegal discriminatory manner.  Defendant did not issue the Plaintiff an illegal, discriminatory performance evaluation.  Finally, Defendant did not subject Plaintiff to an illegal hostile workplace environment based on race or gender discrimination.

With respect to the provisions of Local Rule 16.3(c), the parties answer as follows:

(1)  Defendant believes that the case will be decided by dispositive motion; plaintiff disagrees.  No dispositive motion has been filed yet.

(2) No other parties will be joined by defendant; plaintiff requests thirty days to seek to amend the complaint and/or join parties.  No factual or legal issues

can be agreed upon or narrowed at this time.

(3)   Defendant opposes the assignment of this matter to a magistrate judge for all purposes.  Plaintiff does not oppose such an assignment.

(4)   It is too early to ascertain if the case can be settled.

(5)   The parties have discussed ADR and this response with their clients, and it is not possible to determine yet if the alternative dispute resolution system would be beneficial.

(6)   Defendant believes that the case can be resolved by a dispositive motion and suggests the following schedule:

>   (a)   dispositive motions, if any, shall be filed no later than 30 days after the close of discovery;
>
>   (b)   the opposition memorandum will be filed no later than 30 days thereafter; and
>
>   (C)   the reply memorandum, if any, will be filed no later than 14 days after the opposition memorandum was filed.

(7)   Defendant will not stipulate to dispense with initial disclosures as required by Fed. R. Civ. P. 26(a)(1), and believes that the timing for such disclosures should be within ten (10) days of the entry of a scheduling order in this case.  Plaintiff wants to dispense with these

disclosures.

(8) The parties believe that discovery should be for a six-month period. Limitations on discovery should be those set forth in the Federal Rules of Civil Procedure and the Local Rules. A protective order may be necessary in this case and, if so, the parties will attempt to agree on a proposed protective order for the Court.

(9) The parties are uncertain as to whether any expert witnesses will be used in this case. In the event a party decides to use expert testimony, the parties will submit to the Court a proposed schedule for expert discovery. The parties agree, however, that the designation of an expert witness by plaintiff will be made, if at all, no later than two (2) months after discovery has commenced.

(10) Not applicable.

(11) Bifurcation is not needed.

(12) – (13) The parties believe that a pretrial date should be set after the Court resolves any dispositive motion filed in this case, and that a trial date should be set at the pretrial conference.

(14) There are no other matters at present that need to be included in a scheduling order.

The Court is respectfully referred to the enclosed

proposed Scheduling Order.

                        Respectfully submitted,

_____    _____
DAVID A. BRANCH, DC BAR # 438764    KENNETH L. WAINSTEIN
LAW OFFICES OF DAVID A. BRANCH      D.C. Bar #451058
1825 Conn. Ave., N.W.               United States Attorney
Suite 690
Washington, D.C. 20009
(202) 785-2805                       _____
(202) 785-0289 fax                 R. CRAIG LAWRENCE
                                    D.C. Bar #171538
                                    Assistant U.S. Attorney

                                    _____
                                    MARINA UTGOFF BRASWELL
                                    D.C. Bar #416587
                                    Assistant U.S. Attorney
                                    Judiciary Center Bldg.
                                    555 4th St., N.W.
                                    Washington, D.C. 20530
                                    (202) 514-7226
                                    (202) 514-8780 fax


Counsel for Plaintiff                 Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICA KILBY-ROBB,              )<br>                                 )<br>        Plaintiff,               )<br>                                 )<br>        v.                       )<br>                                 )<br> MARGARET SPELLINGS, SECRETARY.  )<br>   UNITED STATES DEPARTMENT      )<br>   OF EDUCATION,                 )<br>                                 )<br>        Defendant.                )<br> _____) | Civil No. 05-2270 JDB |

### SCHEDULING ORDER

UPON CONSIDERATION of the parties' Joint Proposed Scheduling Report, it is this _____ day of _____, 2006 hereby

ORDERED, that initial disclosures shall proceed in accordance with Fed. R. Civ. P. 26(a) and be exchanged within ten days from the date of this Order; and it is further

ORDERED that discovery shall commence immediately and terminate within six months of the date of this Order; and it is further

ORDERED that dispositive motions, if any, shall be filed no later than thirty days after the close of discovery; opposition memoranda shall be due thirty days thereafter; and reply memoranda, if any, shall be due

fourteen days after any opposition memorandum has been filed; and it is further

ORDERED that the Court will set a post-discovery status conference by further Order from the Court.

_____
UNITED STATES DISTRICT JUDGE

MARINA UTGOFF BRASWELL
Assistant U.S. Attorney
Judiciary Center Bldg.
555 4th St., N.W.
Washington, D.C. 20530
202-514-7226
202-514-8780 fax


DAVID A. BRANCH, ESQ.
LAW OFFICES OF DAVID A. BRANCH
1825 Conn. Ave., N.W.
Suite 690
Washington, D.C. 20009
(202) 785-2805
(202) 785-0289 fax